[L. A. No. 1843. In Bank.—August 5, 1907.]

SOLEDAD GUTIERREZ et al., Executors, etc., of Benigno
Gutierrez, Deceased, et al., Respondents, v. HENRY
WEGE, Appellant.

WATER-RIGHTS—RIPARIAN OWNERS—PRESCRIPTION—EVIDENCE. — In an
action between riparian owners to determine their respective rights
to the waters of a natural stream, the evidence is held sufficient to
support the findings to the effect that the defendant had by pre-
scription only acquired the right to divert one miner's inch of
said waters, and that of the remaining waters the plaintiffs were
entitled to the entire flow for twenty days out of every twenty-one
days.

APPEAL from a judgment of the Superior Court of
Ventura County. J. W. Taggart, Judge presiding.

The facts are stated in the opinion of the court.

H. L. Poplin, for Appellant.

G. H. Gould, and W. R. Edwards, for Respondents.

McFARLAND.—This action was brought to quiet title to
the waters of a small stream called Casitas Creek, and to have
the proportionate rights of the parties to said waters definitely
determined. The court made findings and rendered a judg-
ment, and from a part of this judgment defendant appeals.
No errors of law are assigned, and the only grounds for a
reversal are that certain findings of fact are not supported
by the evidence. Each of the parties is the owner of a tract
of land riparian to said creek, defendant's land lying imme-
diately above and adjoining the land of plaintiffs. The
creek rises in a spring on defendant's land, and flows
through his land onto the land of plaintiffs, and runs through
plaintiffs' land about three fourths of its length, when it
is all finally absorbed by the soil. Defendant having claimed
all the waters of the spring and creek, and threatened to
divert the same unless plaintiffs pay him certain money,
plaintiffs commenced this action for an injunction against the
infringement of their riparian rights and for a decree settling

the proportionate ownership of the parties of the waters of the creek, and also prohibiting defendant from maintaining a certain nuisance,—namely, a manure pile in the creek. Defendant set up his right by prescription to all the waters of the creek, claiming that for more than five years before the commencement of the action he had continuously, notoriously, and adversely to plaintiffs and all the world, diverted all of the said water onto his own land and used it there, and prevented any of it from flowing down through the lands of plaintiffs. The court found that defendant had so diverted one miner's inch of said water through an iron pipe, and had acquired a right by prescription to said one inch of water, and also found that defendant had not diverted or acquired any right to the waters of said creek other than the said one inch. Defendant contends that this finding, except as to said one inch, is unsupported by the evidence, and that the evidence shows that he had adversely diverted all of the water of said creek as claimed by him. This contention of defendant as to the finding of his claim to all the water by prescription substantially includes all of his case on appeal; for it will be found on examination that his other points as to findings not being sustained by the evidence all point to and are based on the contention that the finding as to prescription is unwarranted. But, in our opinion, there was ample evidence to support the finding that there was no adverse diversion of the water of the creek other than the one inch diverted through the iron pipe. There was, no doubt, some conflicting evidence on this point; but there was material testimony that notwithstanding the diversion through the pipe there was always water flowing down the stream onto plaintiffs' land.

Plaintiffs' land contains about two thousand acres, and the court found that fifty acres of it was adapted to cultivation and was susceptible of irrigation from said creek, and that only three acres and a fraction of defendant's land was adapted to cultivation and irrigable from said creek; and it found that a fair proportionate division of the water of the creek, other than the said one inch, for irrigation, would give to plaintiffs the entire flow of the creek other than the one inch for twenty days out of every twenty-one days, and to defendant, in addition to said one inch, the entire flow

of the creek for one day out of every twenty-one days, and judgment was rendered in accordance with this finding. Defendant excepts to this finding as not supported by the evidence; but it is not specifically contended that this would not be a fair division, provided all the water other than the one inch is to be divided between the parties; and defendant in arguing this point reverts to his contention that defendant is entitled to all the water by prescription. We think that the evidence fairly warrants the division of the water decreed by the judgment. The other points made by defendant as to the title to the water of the creek are covered by what has already been said. As to the nuisance, we think that the evidence amply warrants the findings of the court as to that matter and justifies the judgment.

The part of the judgment appealed from is affirmed.

Sloss, J., Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.